## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL D. DE LA CRUZ JIMENEZ, | : |
| Petitioner, | : |
| | : NO. 3:07-CV-01304 |
| v. | : |
| | : (JUDGE CAPUTO) |
| RONNIE R. HOLT, *Warden*, | : |
| USP Canaan, | : |
| | : |
| Respondent. | : |

### **MEMORANDUM**

Presently before the Court is Petitioner's *pro se* Petition for a Writ of Mandamus, or in the alternative, Writ of Prohibition. (Doc. 1.) Also pending is Petitioner's motion for leave to proceed *in forma pauperis*. (Doc. 3.) Petitioner challenges his custody classification based on the existence of a detainer issued against Petitioner by Immigration and Customs Enforcement (ICE) on August 7, 2002. Petitioner argues that this detainer does not in fact exist, and that Respondent has unlawfully and improperly replied upon the existence of a detainer in precluding Petitioner from receiving a lower security classification or participating in certain unspecified rehabilitation programs.

The Court has jurisdiction over this matter pursuant to Title 28 of the United States Code, Section 1361 ("[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

### **BACKGROUND**

Petitioner is a citizen of the Dominican Republic who was sentenced to a term of 360

months in prison for drug-related offense(s), and has been incarcerated at U.S.P. Canaan in Waymart, Pennsylvania since approximately October 18, 2003.

The Petitioner argues that for nearly a year prior to filing the instant Petition, he has requested service of the detainer, and that these requests have been repeatedly denied. The Petition requests that Respondent, Warden Ronnie R. Holt, provide Petitioner with satisfaction of his Fifth Amendment rights to due process and equal protection by "correct[ing] his classification records" to show that no "INS detainer" exists against him, because Petitioner alleges that he has never been served paperwork regarding this detainer. (Pet., Doc. 1, pp. 1-2.) Petitioner alleges that Respondent has refused to correct Petitioner's classification records, and is using the "false record of a detainer to authorized (sic) discrimination and denys (sic) him equal protection as allowed all others identically situated." *Id*.

The Petition for Writ of Mandamus was filed on July 18, 2007. (Doc. 1.) The motion for leave to proceed *in forma pauperis* (IFP) was filed on July 26, 2007. (Doc. 3.) These filings are presently before the Court.

## DISCUSSION

A.   *Motion For Leave To Proceed In Forma Pauperis*

The decision whether to grant or deny in forma pauperis status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985). Title 28 of the United States Code, Section 1915 provides a two-step process for reviewing *in forma pauperis* petitions. The Third Circuit Court of Appeals has made it clear that this

Court should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the merits of the underlying complaint. *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990).

Petitioner has completed the IFP application, and has properly provided certification of his prisoner account balance. According to the IFP application, he receives approximately $3.00-5.00 per month for the prison work detail he performs, and has no cash, property or other assets. Though the report date on the attached 'Inmate Statement' is illegible, the final entry shows Petitioner's prison account balance at $0.32 on July 3, 2007. Assuming this to be an accurate depiction of Mr. Jimenez's complete financial situation, it is the Court's opinion that he qualifies for IFP status because he has made an adequate showing of poverty. The Court will therefore grant the motion for leave to proceed in forma pauperis, but only for the purpose of filing the instant Petition.

B.  *Writ of Mandamus*

Mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984). A petitioner seeking the issuance of such writ must establish that he has no other adequate means of relief and, most importantly, that his or her right to the writ of mandamus is clear and indisputable. *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (citations omitted). Thus, mandamus is available to Petitioner only if he shows that (1) he has a clear right to the relief sought, (2) Respondent has a clear duty to perform, and (3) no other adequate remedy is available. *See Brow v. United States Dist. Court*, 121 Fed. Appx. 443, 444 (3d Cir. 2005). Indeed, the critical consideration in determining the propriety of resort to a writ of mandamus is the

question of alternative remedies; the writ is usually denied when such alternatives exist. Therefore, prior to seeking relief in district court, a federal prisoner must exhaust administrative remedies provided by the regulations promulgated by the Director of the Bureau of Prisons, regardless of whether said prisoner also asserts a claim for damages, as Petitioner has done here.  *Veteto v. Miller*, 794 F.2d 98, 100 (3d Cir. 1986).  Pursuant to authority conferred on him by the Attorney General in Title 28 of the Code of Federal Regulations, Section 0.96(t), the Director of the Bureau of Prisons has promulgated regulations ("the Administrative Remedy Program") providing for a three-stage system for considering prisoners' grievances and granting relief when justified.  44 Fed. Reg. 62250 (October 29, 1979) (codified at 28 C.F.R. § 542.10 *et seq.*).  It is unclear whether Petitioner properly submitted Administrative Remedy Requests with respect to review of the ICE detainer.  The Court need not make a determination upon whether administrative remedies were exhausted, however, because we do not base our holding on that analysis.

C.      *The ICE Detainer*

Even if letters sent on both March 5th and May 14th of 2007 to Bureau of Prisons officials constituted an adequate exhaustion of administrative remedies, the Petition *sub judice* must fail.  Petitioner has no right to the relief sought, Respondent has no duty to perform, and alternative remedies are available to Petitioner.  Towards the end of his period of incarceration, Petitioner will receive a hearing with respect to any removal proceedings that ICE may then commence.  The "Immigration Detainer-Notice of Action" letter sent by ICE stated that an investigation had been initiated to determine whether Petitioner was subject to removal from the United States after his release from prison.  A detainer is a request by an agency with the institution in which a prisoner is incarcerated, asking that the

prisoner be held for the agency, or that the agency be advised when the prisoner's release is imminent. *Fex v. Michigan*, 507 U.S. 43, 44 (1993). The letter sent by ICE notified both Petitioner and Respondent that ICE had filed a detainer against Petitioner, and did not create some duty on the part of Respondent *vis-a-vis* the Petitioner.

Though not explicitly citing the law, Petitioner is in essence arguing that Respondent, in failing to address his requests for service of the detainer or an adjustment of his custody classification, is in violation of the Interstate Agreement on Detainers ("IAD"), to which the United States is a party state. The IAD requires, *inter alia*, that:

> The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

18 U.S.C. app. 2, § 2, Art. III(c).

However, the IAD does not apply to the present Petition, because civil detainers filed by immigration authorities have been held not to fall within the terms of the IAD. *See United States v. Gonzalez-Mendoza*, 985 F.2d 1014, 1016 (9th Cir. 1993) (holding that the IAD applies only to pending criminal charges in another jurisdiction, and that "the courts have declined to treat deportation as a criminal proceeding"); *accord Moreno Escobar v. U.S. Dep't of Justice*, 2005 WL 1060635 (E.D. Pa. May 5, 2005) (Yohn, J.). Thus, Petitioner's argument, when viewed in light of the IAD, is without merit.

Though the presence of a detainer entails certain disabilities, such as disqualification from certain rehabilitative programs, *see United States v. Mauro*, 436 U.S. 340, 359 (1978), this Court has no oversight to challenge the nature of Petitioner's confinement, as that is a

determination appropriately reached by prison authorities. With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), *quoted in Hewitt v. Helms*, 459 U.S. 460, 468 (1983) and *Sandin v. Conner*, 515 U.S. 472, 480 (1995). It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Hewitt*, 459 U.S. at 466-67; *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montanye*, 427 U.S. at 242.

Petitioner has not established that he has a clear and indisputable right to the writ of mandamus, nor that Respondent has a clear duty to perform the acts which the Petition requests. Accordingly, the Writ of Mandamus will be denied.

D.   *Writ of Habeas Corpus*

Plaintiff also asks the Court, in the alternative, to consider the instant Petition under a district court's habeas corpus jurisdiction. This does not compel a different result. It is well-established that an ICE detainer letter alone does not satisfy the "in custody" requirement of Title 28 of the United States Code, Section 2241 to create habeas corpus jurisdiction. *Moreno Escobar*, 2005 WL 1060635, at *2 (citations omitted); *see also Porte v. Miller*, 2005 WL 2674772, at *1-2 (M.D. Pa. Oct. 20, 2005) (Jones, J.); *Burgos v. Derosa*, 2005 WL 2205814 (D.N.J. Sept. 8, 2005) (Wolfson, J.).

Accordingly, the present Petition, if construed as a writ of habeas corpus pursuant to

```
```

Section 2241, would be denied.

## CONCLUSION

For the reasons stated above, *in forma pauperis* status will be granted solely for the purpose of filing the instant Petition, which will be dismissed. An appropriate Order follows.

August  2 , 2007                                    /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RAFAEL D. DE LA CRUZ JIMENEZ, : | |
| : | |
|     Petitioner, : | |
| : | NO. 3:07-CV-01304 |
|         v. : | |
| : | (JUDGE CAPUTO) |
| RONNIE R. HOLT, *Warden*, : | |
| USP Canaan, : | |
| : | |
|     Respondent. : | |

**ORDER**

    **NOW**, this   2nd   day of August, 2007, **IT IS HEREBY ORDERED THAT**:

(1)    Petitioner Rafael D. De La Cruz Jimenez's motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED** solely for the purposes of filing the instant Petition;

(2)    Petitioner's Writ of Mandamus (Doc. 1) is **DISMISSED**;

(3)    The Clerk of Court is ordered to mark this case **CLOSED**.

 

                                                            /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                             United States District Judge